JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

OAKLEY, INC., a Washington corporation, and COSTA DEL MAR, INC., a Florida corporation

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Peacock Law P.C., Marco H. Santamaria, 201 Third Street NW, Suite 1340, Albuquerque, New Mexico 87102

**DEFENDANTS**

ROCKY MOUNTAIN FINANCIAL RESOURCE CORPORATION D/B/A CUSTOM METAL PRODUCTS, a

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☒ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. Section 1114

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 08/30/2024

SIGNATURE OF ATTORNEY OF RECORD: /s/ Marco H. Santamaria

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| OAKLEY, INC., a Washington corporation, and COSTA DEL MAR, INC., a Florida corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROCKY MOUNTAIN FINANCIAL RESOURCE CORPORATION D/B/A CUSTOM METAL PRODUCTS, a New Mexico corporation, and ALAN KEOLANUI COFRAN, individually,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:24-CV-0872<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiffs Oakley, Inc. and Costa Del Mar, Inc. (collectively, “Plaintiffs”), through their undersigned counsel, sue Defendants Rocky Mountain Financial Resource Corporation and Alan Keolanui Cofran (collectively, “Defendants”), and allege:

**INTRODUCTION**

1. This lawsuit arises from the violation of the Plaintiffs’ intellectual property rights by Defendants’ ongoing promotion and sale of sunglasses bearing counterfeits of Plaintiffs’ federally registered Oakley and Costa trademarks (the “Counterfeit Merchandise”). Through this action, Plaintiffs seek to address Defendants’ counterfeiting activities, as well as to protect

unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. § 1114 (the "Lanham Act").

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain a principal place of business and continue to infringe Plaintiffs' famous trademarks in this Judicial District.

**PARTIES**

4. Plaintiff, Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect, wholly owned subsidiary of Luxottica Group S.p.A.

5. Plaintiff, Costa Del Mar, Inc. ("Costa") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business in Daytona, Beach, Florida. Costa is an indirect, wholly owned subsidiary of FGX International, Inc. FGX International is a wholly owned subsidiary of EssilorLuxottica S.A.

6. Defendant Rocky Mountain Financial Resource Corporation (hereinafter "RMFRC") is a company organized and existing under the laws of the State of New Mexico, having a principal place of business at 2723 Vassar Place N.E., Albuquerque, New Mexico 87107. RMFRC operates under the trade name "Custom Metal Products". RMFRC operates a custom

metal fabrication business that also advertises and sells hundreds of counterfeit luxury brand name sunglasses. As alleged herein, RMFRC is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

7. Defendant, Alan Keolanui Cofran ("Cofran") is a resident of Bernalillo County, New Mexico. Cofran is an owner, officer, manager and director of RMFRC and one of the moving forces behind that entity's operations and infringing activities.

## FACTUAL ALLEGATIONS

**A. The World-Famous Oakley Brand and Products.**

8. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

9. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including New Mexico.

10. Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to those detailed in this Complaint.

11. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below). As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

12. Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others, which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 1,980,039 | OAKLEY | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 3,153,943 | OAKLEY | For: Prescription eyewear, namely, sunglasses and spectacles in class 9. |
| 1,519,596 | OAKLEY | For: sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |
| 3,331,124 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |
| 3,151,994 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |
| 3,665,464 | HDO OAKLEY HIGH DEFINITION OPTICS | For: Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |

| | | |
|---|---|---|
| 5,636,292 | HOLBROOK | For: Eyewear, namely, sunglasses, goggles for sports, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips; cases specifically adapted for eyewear and their parts and accessories in class 9. |
| 3,379,110 | RADAR | For: Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |
| 4,813,708 | PRIZM | For: Protective and/or anti-glare eyewear, namely, sunglasses, [ spectacles ] and their parts and accessories, namely, replacement lenses [, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear, their parts and their accessories, namely, replacement lenses, earstems, frames, nose pieces and foam strips in class 9. |

13. Oakley has long been manufacturing and selling eyewear in interstate commerce under the Oakley Trademarks. These registrations are valid and incontestable.

14. The registration of the Oakley Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Oakley Trademarks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademarks.

16. The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B. The World-Famous Costa Brand and Products.**

18. The Costa eyewear brand was born in Daytona Beach, Florida in 1983.

19. Costa has continuously sold Costa branded products, including eyewear, apparel, and other related merchandise through its authorized retailers and via its internet website: www.costadelmar.com throughout the United States, including New Mexico.

20. Costa has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Costa products, including but not limited to, those detailed in this Complaint.

21. Costa has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Costa Trademarks (defined below). As a result, products bearing the Costa Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Costa and have acquired strong secondary meaning.

22. Costa is the owner of various trademarks under the Costa brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Costa Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 3,857,379 | COSTA | For: sunglasses and sunglass frames in class 9. |
| 3,273,228 | | For: sunglasses, sunglass frames, sunglass lenses in class 9. |
| 4,891,374 | 580 | For: sunglass lenses in class 9. |

23. Costa has long been manufacturing and selling eyewear in interstate commerce under the Costa Trademarks. These registrations are valid and incontestable.

24. The registration of the Costa Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Costa's exclusive right to use the Costa Trademarks in connection with the goods identified therein and other commercial goods.

25. The registration of the Costa Trademarks also provides constructive notice to Defendants of Costa's ownership and exclusive rights in the Costa Trademarks.

26. The Costa Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

27. The Costa Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C. Defendants' Infringing Activities.**

28. On July 2, 2024, Plaintiffs' investigator visited RMFRC's business located at 2723 Vassar Place N.E., Albuquerque, New Mexico 87107. During that visit, the investigator

discovered that Defendants were advertising, displaying, and offering for sale approximately 700 hundred pairs of sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Oakley Trademarks, and approximately 150 pairs of sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Costa Trademarks.   Photograph of just some of the Oakley and Costa branded sunglasses being offered for sale on that day are depicted below:

OAKLEY
OAKLEY
OAKLEY

29.     During this visit, Defendant Cofran explained to Plaintiffs' investigator that Oakley is their largest selling brand of sunglasses.  Cofran further explained to Plaintiffs' investigator that Defendants' sunglasses were priced at different levels based on their "quality".  For example, basic low-end sunglasses were offered for sale at $15.00 per pair, whereas the "best" quality sunglasses were offered for sale at $45.00 per pair.  Defendants' "price list" is depicted in the below photograph:



30. Plaintiffs' investigator purchased six (6) pairs of Oakley branded sunglasses, two (2) pairs of Costa branded sunglasses, and one (1) pair of Louis Vuitton branded sunglasses for a total of $275.00. Photographs of the Oakley and Costa branded sunglasses that were purchased on that day are depicted below:

PRIZM
EYEWEAR
EYEWEAR

31. Plaintiffs subsequently inspected the items purchased from Defendants on July 2nd and determined that the Oakley and Costa Trademarks affixed to the sunglasses are either incorrect or inconsistent with the Oakley and Costa Trademarks found on similar products and items bearing authentic Oakley and Costa Trademarks.

32. Plaintiffs also determined that the item purchased from Defendants infringed one or more of the Oakley and Costa Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Oakley and Costa Trademarks.

33. Plaintiffs did not manufacture or authorize any third party to manufacture any of the Oakley and Costa branded products that were being offered for sale and sold by the Defendants as identified herein.

34. Defendants have no license, authority, or other permission from Plaintiffs to use the Oakley and Costa Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

35. Defendant Cofran was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore he was a direct participant in the infringing activities alleged herein.

36. Defendant Cofran materially contributed to and facilitated the above-described infringement of the Oakley and Costa Trademarks by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Oakley and Costa trademarked items through RMFRC notwithstanding (i) Cofran's knowledge of the offering for sale and the sale of the infringing items, (ii) Cofran's constructive knowledge of the offering for sale and the sale of the infringing items or, alternatively, (iii) Cofran's willful blindness to the offering for sale and the sale of the infringing items.

37. Defendant Cofran has the right and ability to supervise the infringing conduct of RFMRC and has a direct financial interest in the infringing conduct; however, he continues to act with reckless disregard or willful blindness, effectively condoning RMFRC' unlawful activities.

38. The forgoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Oakley and Costa products offered for sale and sold by the Defendants are authentic or authorized products of Oakley and Costa.

39. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Oakley and Costa products and Oakley and Costa.

40. Defendants are well aware of the extraordinary fame and strength of the Oakley and Costa brands, the Oakley and Costa Trademarks, and the incalculable goodwill associated therewith.

41. Defendants' knowing and deliberate hijacking of Plaintiffs' famous marks, and sale of Counterfeit Merchandise have caused, and continues to cause, substantial and irreparable harm to Plaintiffs' goodwill and reputation. In addition, the damage caused by Defendant is especially severe because the Counterfeit Merchandise was cheap and inferior in quality to products bearing authentic Oakley and Costa Trademarks.

42. The harm being caused to Oakley and Costa is irreparable and Plaintiffs do not have an adequate remedy at law. Plaintiffs therefore seek the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

43. Plaintiffs also seek damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Plaintiffs' trademarks.

**COUNT I**
**(15 U.S.C. § 1114)**
**(Trademark Infringement)**

44. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 43 above.

45. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of Plaintiffs' respective Oakley and Costa Trademarks.

46. Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Plaintiff's respective Oakley and Costa Trademarks without Plaintiffs permission.

47. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Oakley and Costa.

48. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and the Plaintiffs.

49. Defendants have directly and willfully infringed Plaintiffs' trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Oakley, Inc. and Costa Del Mar, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Rocky Mountain Financial Resource Corporation and Alan Keolanui Cofran, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, vendors and attorneys, and all those persons or entities in

active concert or participation with Defendants from:

    1.    importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Oakley and Costa Trademarks or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in their respective trademarks;

    2.    engaging in any other activity constituting unfair competition with Oakley and Costa, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Oakley and Costa;

    C.    Requiring Defendants to file with this Court and serve on Oakley and Costa within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    D.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Oakley and Costa, or is related in any way with Oakley and Costa and/or their products;

    E.    Awarding Plaintiffs statutory damages for willful trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

    F.    Awarding Plaintiffs their costs, investigatory fees, and expenses;

    G.    Awarding Plaintiffs pre-judgment interest on any monetary award made part of the

judgment against Defendants; and

H. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated August 30, 2024.

Respectfully submitted,

/s/ *Marco H. Santamaria*
Marco H. Santamaria
New Mexico Bar No. 150296
District of New Mexico No. 21-127
msantamaria@peacocklaw.com
**Peacock Law P.C.**
201 Third Street NW, Suite 1340
Albuquerque, New Mexico 87102
Telephone: (505) 998-6124
Facsimile: (505) 243-2542

-and-

/s/ David B. Rosemberg
David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed)*
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Plaintiffs Oakley, Inc. and Costa del Mar, Inc.*